United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
David W. Stobbe
d/b/a X-Change Communication,
d/b/a X-Change Money,
d/b/a Wanna Safe Chimney and
Karen Stobbe,                                            Case No. 10-45703-R
                Debtors.                       Chapter 7
_____/

John Jabero,
                Plaintiff,

v.                                                       Adv. No. 10-5391

David Stobbe,
d/b/a X-Change Communication,
d/b/a X-Change Money,
d/b/a Wanna Safe Chimney,
                Defendant.
_____/

Opinion Regarding Motion to Amend Complaint

I.

The debtors, David and Karen Stobbe, filed for chapter 7 relief on February 25, 2010. The meeting of creditors was set for April 8, 2010, and the bar date for objections to discharge was set for June 7, 2010.

On April 30, 2010, John Jabero filed this adversary proceeding against the debtors.[1] In the complaint, Jabero stated that his company, A & R Communications Inc., obtained a judgment against the debtors on October 5, 2009 for $291,172.64. Jabero objected to the debtors' discharge pursuant

---

1. On August 31, 2010, the parties stipulated to dismiss Karen Stobbe from the complaint.

to § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5).

The debtors filed their answer and affirmative defenses on June 16, 2010, alleging, in part, that Jabero did not have standing to file a complaint objecting to the discharge because he was not a creditor.

Jabero has filed a motion to amend the complaint, seeking to substitute A & R Communications as the plaintiff. Jabero has also filed a motion for summary judgment. The Court conducted a hearing on both motions on November 15, 2010, and took the matters under advisement.

II.

In support of his motion to amend the complaint, Jabero relies on Fed. R. Civ. P. 15(c). He argues that the debt at issue arose from a promissory note wherein the Stobbes agreed to pay Jabero and/or A & R Communications $358,604.67. Jabero asserts that, on October 5, 2009, a judgment was entered, based on the promissory note, against the Stobbes in favor of A & R Communications and intervening plaintiff, Citizens Bank, in the amount of $291,172.64. The judgment did not include Jabero. Jabero contends that when he filed the adversary proceeding, his attorney did not realize that the judgment was not held by Jabero, but was held by A & R Communications.

Jabero contends that A & R Communications is the real party in interest and therefore must be substituted in as the plaintiff. Jabero argues that the amendment relates back to the date of the filing of the adversary proceeding because A & R Communications has sufficient identity of interest with Jabero, the sole shareholder of A & R Communications. Jabero asserts that he merely seeks to correct a mistake in naming the wrong plaintiff and that a grave injustice will result if this case is dismissed because he is not a proper party.

In support of his motion for summary judgment, Jabero contends that the Court ordered

Stobbe to respond to requests for admissions by October 18, 2010, but he failed to do so. Jabero also asserts that Stobbe admitted at his 341 meeting that he failed to keep books and records regarding his ATM, pay telephone and tire air machine businesses.

Stobbe argues that the motion to amend should be denied and the case dismissed. He contends that if A & R Communications is the proper party, the case should be dismissed as untimely because the bar date to file objections to discharge was June 7, 2010.

In response to the motion for summary judgment, Stobbe contends that he did file a response to the requests for admissions on October 18, 2010. Further, he contends that there is no proof that he concealed, destroyed, or falsified any records.

### III.

Fed. R. Civ. P. 15(c)(1) provides, in part:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

3

Fed. R. Civ. P. 15(c).

"[A]mendments pursuant to Rule 15(c) should be freely allowed." *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (citing *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)).

Rule 15(c) as written only applies to amendments adding defendants to an action. However, the Advisory Committee Notes for the 1966 Amendment to Rule 15 indicate that the rule also applies to amendments changing a plaintiff. See 39 F.R.D. 69, 83-84 (1966) ("The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."). Further, courts have consistently applied Rule 15(c) criteria to amendments changing plaintiffs. *See Flores v. Cameron County, Texas*, 92 F.3d 258, 272-73 (5th Cir. 1996); *FDIC v. Conner*, 20 F.3d 1376, 1385-86 (5th Cir.1994); *Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n,* 814 F.2d 32, 35 (1st Cir. 1987).

The Sixth Circuit has consistently held that an amendment which seeks to add, rather than substitute a party, "'creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Leitch v. The Lievense Ins. Agency, Inc.* (*In re Kent Holland Die Casting & Plating, Inc.*), 928 F.2d 1448, 1449 (6th Cir. 1991) quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) and citing *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir. 1978), cert. denied, 440 U.S. 958, 99 S. Ct. 1497 (1979). *See also Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (under Rule 15(c), "amendments will not survive preclusive application of the

statute of limitations unless the amendments are corrections of misnomers.").

The Sixth Circuit recently addressed, for the first time, the applicability of Rule 15(c) to a motion to amend to add plaintiffs, as opposed to defendants. In *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313 (6th Cir. 2010), a group of employees of a Wal-Mart Distribution Center sued the defendants for negligence, arguing that the work performed by the defendants at the distribution center caused a discharge of carbon monoxide which injured the plaintiffs. After the limitation period had run on the cause of action, the plaintiffs filed a motion to amend the complaint to add 33 additional plaintiffs. The defendants argued that the new plaintiffs' action was barred by the one year statute of limitations and that their claims did not relate back to the timely filed complaint.

The court rejected the plaintiffs' argument that relation-back should apply, stating:

> Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, *see, e.g., Young ex rel. Nutramax Litig. Trust v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002); *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995), the type of "changes" permitted are limited to corrections of misnomers or misdescriptions. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d at 1450; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that substitution of a "John Doe" defendant with a named party is not a misnomer but a "change in parties" that does not relate back); *Young*, 305 F.3d at 15 (stating that relation back applies when the original plaintiffs and the new plaintiffs have a "sufficient identity of interest" or "a fairly advanced degree of privity"); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982) ("The point of the courts' consideration of identity of interest is that that factor ensures that the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect 'involved in [the proceedings] unofficially from an early stage.'").

*Id.* at 318-19.

The court continued:

> In urging relation back of their claims, the new plaintiffs did not seek

5

> to correct a misnomer or misdescription of a proper party plaintiff already in court, nor did they attempt "to change the capacity in which [they] sue[d]; or to substitute or add as plaintiff[s] the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action." *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991) (describing circumstances under which "[a] plaintiff may usually amend his complaint under Rule 15(c)") (citations and internal quotation marks omitted). Instead, they attempted to circumvent the statute of limitations, adding new parties and new claims.

*Id*. at 319.

Here, the plaintiff is attempting to substitute as plaintiff the real party in interest, which, as the Sixth Circuit suggested in *Asher*, may be a situation where relation back is appropriate.

In *Allied Int'l, Inc. v. International Longshoremen's Ass'n, AFL-CIO*, 814 F.2d 32 (1st Cir. 1987), the issue before the court was the relation back of an amendment changing plaintiffs. The new plaintiff had purchased all of the assets of the original plaintiff. The court recognized that, although the issue of substituting plaintiffs is not explicitly addressed in Rule 15(c), that Rule should apply. *Id.* at 35. The court described the criteria for relation back when changing plaintiffs as follows:

> [T]he amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent.

*Allied Int'l* at 35-36 (citations omitted).

In this case, it is clear that A & R Communication's claim arose out of the same occurrence set forth in the original complaint. The amendment seeks only to change the identity of the plaintiff and does not add any new allegations.

With respect to identity of interest, Jabero is the sole shareholder, director, president, treasurer
6

and secretary of A & R Communications. Stobbe was aware that the promissory note was in the name of Jabero and A & R Communications and that the judgment was in the name of A & R Communications. The identity of interest requirement "ensures that the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect involved in [the proceedings] unofficially from an early stage." *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982) (citation and internal quotation marks omitted). The Court concludes that there is sufficient identity of interest between Jabero and A & R Communications.

Finally, Stobbe has not alleged, and the Court does not find, any prejudice.

Accordingly, the plaintiff's motion to amend the complaint to substitute A & R Communications as the plaintiff is granted.

Not for Publication.

**Signed on December 17, 2010**

                                                      **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**